IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 06-01 Erie |
| ) | |
| DOUGLAS JERMAINE JORDAN, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

McLAUGHLIN, SEAN J.,

Presently pending before the Court is a motion by Defendant, Douglas Jermaine Jordan, to return seized property and suppress evidence.

On April 18, 2006, Defendant pled guilty to conspiracy to possess with intent to distribute and distribute more than fifty grams of cocaine base and more than five hundred grams of cocaine from August 2005 to December 2005. [Doc. No. 151]. He was subsequently sentenced to 160 months imprisonment on August 1, 2006. [Doc. No. 208]. Defendant's appeal of his sentence is currently pending before the Third Circuit Court of Appeals at Docket Number 06-3700. [Doc. No. 212]. Defendant's current motion before this Court seeks the return of a 1996 Cadillac vehicle.[1]

It is well settled that the Government may seize evidence for use in investigation and trial, but it must return the property once the criminal proceedings have concluded, unless it is contraband or subject to forfeiture. United States v. Bein, 214 F.3d 408, 411 (3rd Cir. 2000) (citations omitted). A motion filed pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure is the appropriate vehicle to request the return of such property.[2] United States v.

---

[1] Defendant also seeks the suppression of this evidence at trial. In light of his conviction, however, suppression of evidence is no longer an issue.

[2] Rule 41(g) provides that:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district court where the property was seized. The court must receive evidence on any

1

Chambers, 192 F.3d 374, 376 (3rd Cir. 1999).  A district court has jurisdiction to entertain the motion even after the termination of criminal proceedings against the defendant and such an action is treated as a civil proceeding for equitable relief.  Bein, 214 F.3d at 411.

In its response, the Government notes that the vehicle Defendant seeks to have returned is currently the subject of a pending forfeiture action in the Court of Common Pleas of Erie County, Pennsylvania.  Government's Response p. 3.  On February 23, 2007, the Pennsylvania Office of Attorney General, Asset Forfeiture and Money Laundering Section, filed a Petition for Forfeiture and Condemnation against the vehicle and $1002.00 in cash.  Government's Respone, Exhibit 1.  This action is docketed at Erie County Court of Common Pleas, Civil Action - In Rem number MD 85-07.  Id.  The Honorable Shad Connelly has issued a Rule to Show Cause requiring Defendant or one of his co-conspirators, to file an answer to the petition within 30 days.  Id.  Because the vehicle is, in fact, the subject of a pending forfeiture action in state court, we shall deny the Defendant's motion seeking its return.

AND NOW, this 17th day of April, 2007, in accordance with the foregoing Memorandum Order, IT IS HEREBY ORDERED that the Defendant's Motion for Return of Seized Property and Suppression of Evidence [Doc. No. 293] is DENIED.

s/ Sean J. McLaughlin  
United States District Judge

cm: All parties of record.

---

> factual issue necessary to decide the motion.  If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed.R.Crim.P. 41(g).